IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 26, 2014

### CHRISTOPHER H. MARTIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 288825      Don W. Poole, Judge**

---

**No. E2013-02343-CCA-R3-PC - Filed April 9, 2014**

---

Petitioner, Christopher H. Martin, pleaded guilty to two counts of rape of a child on May 21, 1997. He filed a petition for post-conviction relief on July 25, 2013. He now appeals from the summary dismissal of his post-conviction petition. On appeal, he contends that the State breached a condition of his plea agreement, that the breach occurred outside of the statute of limitations for post-conviction proceedings, and that due process should preclude the strict application of the statute of limitations in his case. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JEFFREY S. BIVINS, JJ., joined.

Christopher H. Martin, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Ahmed A. Safeeullah, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.  Facts

This case concerns petitioner's guilty pleas in both Georgia and Tennessee to sexual offenses against the victim, who was five years old at the time of the offenses. On August 22, 1996, petitioner pleaded guilty to one count of child molestation and one count of statutory rape in Chattooga County, Georgia. The Georgia court sentenced him to two consecutive terms of twenty years, of which the first would be served in confinement and the second suspended to probation. On May 21, 1997, petitioner pleaded guilty in Hamilton

County, Tennessee, to two counts of rape of a child. According to the plea agreement, appended as an exhibit to petitioner's post-conviction petition, petitioner agreed to serve two twenty-five-year sentences at one hundred percent. The Tennessee sentences were to be served concurrently with each other and with his Georgia sentences. At the plea submission hearing, petitioner asked whether he would be "housed" in Tennessee, and the trial court responded that the decision was left to the two departments of correction. Subsequently, petitioner was confined in Georgia for many years. During that time, he filed numerous motions and petitions in various courts, some of which he appended to his post-conviction petition. In general, the documents reveal that petitioner believed he would be forced to serve his Tennessee sentences consecutively to his Georgia sentences in contravention of his plea agreement. According to his appellate brief, petitioner was transferred to Tennessee on July 27, 2012.

Petitioner filed the instant petition for post-conviction relief on July 25, 2013. Among other issues, the key allegation presented in his petition is that his plea agreement included conditions that he would be housed in Tennessee and that if he were to return to Georgia, his Tennessee and Georgia sentences would be "co-terminus." Petitioner argued that the State of Tennessee first breached his plea agreement when he was returned to Georgia and then again when he was transferred to Tennessee. The post-conviction court summarily dismissed the petition as untimely.[1] In its August 28, 2013 order, the post-conviction court stated that nothing in the petition or in the appended exhibits supported petitioner's contention that the State breached its plea agreement and, consequently, that no breach occurred after the expiration of the statute of limitations that would toll the application of the statute. Subsequently, petitioner filed an untimely notice of appeal on October 15, 2013.

## II. Analysis

### A. Notice of Appeal

We first address the issue concerning petitioner's notice of appeal. Petitioner responds that he did not receive the post-conviction court's order of dismissal until October 7, 2013, and that this court should waive the untimely filing of the notice of appeal in the interest of justice. The State concedes that waiver is appropriate in this case.

"In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30

---

[1] According to its order dismissing the post-conviction petition, the post-conviction court *sua sponte* corrected a clerical error in petitioner's judgments so that the judgments would accurately reflect the amount of jail credit petitioner received. The judgments are not part of the appellate record.

days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). Unlike the procedure involving the motion for new trial, the time for filing the notice of appeal to this court is not jurisdictional. *See* Tenn. R. App. P. 4(c); *see also State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). This court may waive the notice of appeal time requirement in the "interest of justice." Tenn. R. App. P. 4(a). The post-conviction court issued its order on August 28, 2013, and petitioner filed his notice of appeal on October 15, 2013. Thus, petitioner did not timely file his notice. However, because of the circumstances of this case, we conclude that the interest of justice requires the waiver of the notice of appeal time requirement.

## B. Summary Dismissal of Post-Conviction Petition

Petitioner contends that he did not learn that the State had breached his plea agreement until he was transferred to Tennessee in July 2012. The State responds that petitioner learned that Tennessee had lodged a detainer against him as early as August 13, 1997, and that petitioner had been aware of the existence of the grounds he has asserted for post-conviction relief since that date, as shown by the filings he made in Georgia.

A person convicted of a crime must petition for post-conviction relief within one year of the final action of the highest state court that has considered the claim. Tenn. Code Ann. § 40-30-102(a). Time is of the essence when asserting a claim for post-conviction relief, and a petitioner's compliance with the statute of limitations is an element of the right to file a petition. *See id*. § 40-30-102(b). A petition for post-conviction relief must include facts that demonstrate timely filing or justification for tolling the statute of limitations period. *See State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). A petitioner's failure to include sufficient factual allegations of either compliance with the statute or circumstances that require the court to toll the statute will result in dismissal. *Id.* However, pursuant to Tennessee Code Annotated section 40-30-102(b)(1)-(3), this court may consider a petition for post-conviction relief filed outside the one-year statute of limitations if the petitioner's claim (1) is based upon a final ruling of an appellate court establishing a new constitutional right; (2) is based upon new scientific evidence establishing that petitioner is actually innocent; or (3) seeks relief from a sentence that was enhanced because of a prior conviction that was found to be invalid.

In addition to the exceptions above, this court will also consider an untimely petition if due process considerations require tolling of the post-conviction statute of limitations. *See Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013); *Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204, 210 (Tenn. 1992). "To determine if due process requires the tolling of the statute of limitations, a court must weigh the petitioner's interest in having an opportunity to present his claims in a meaningful time and

manner against the state's interest in preventing the litigation of stale and fraudulent claims." *Gerald Wayne Carter v. State*, No. W2008-00652-CCA-R3-PC, 2008 WL 4922710, at *2 (Tenn. Crim. App. Nov. 13, 2008) (citing *Burford*, 845 S.W.2d at 208).

It is clear that petitioner filed for post-conviction relief long after the expiration of the statute of limitations. However, if petitioner's allegation that the State breached the plea agreement were true, then due process concerns might allow his claim to proceed. This court has previously ruled that the State's breaching of a plea agreement after the expiration of the statute of limitations requires due process tolling of the statute of limitations. *Eric Boyd v. State*, No. E2001-02069-CCA-R3-PC, 2002 WL 31289175, at *2 (Tenn. Crim. App. Oct. 10, 2002). In this case, however, the exhibits to petitioner's post-conviction petition do not support his position that the State breached his plea agreement at any point in time. Petitioner contends that a condition of his plea agreement was that his Tennessee and Georgia sentences were "co-terminus," but the very language of his plea agreement states that his sentences were "concurrent," not "co-terminus." Moreover, there is no evidence in the record that petitioner is being required to serve his Tennessee sentences consecutively to his Georgia sentences. Petitioner's exhibits also indicate that he was aware of the discrepancy between what he believed the conditions of his plea agreement were and the actual impact of it almost as soon as he left Tennessee to serve his sentence in Georgia, yet he did not petition for post-conviction relief for approximately sixteen years. We conclude that the State's interest in preventing the litigation of stale and fraudulent claims far outweighs petitioner's interest in presenting his claims. Therefore, the post-conviction court properly dismissed the petition.

## CONCLUSION

Based on the record, the briefs of the parties, and the applicable law, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE